# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LATASHA R. ARMSTEAD,

        Plaintiff,

      -vs-                  Case No. 12-cv-756

CO DRISCOLL and
SGT SCHUFF,

        Defendants.

## DECISION AND ORDER

The plaintiff, a state prisoner, is proceeding *pro se* on Eighth Amendment claims against defendants Driscoll and Schuff for their failure to seek medical or psychological treatment for the plaintiff. This matter is now before the Court on several motions filed by the plaintiff and the defendants.

In discovery, the plaintiff requested information regarding claims by other prisoners against the defendants. The defendants concede that responsive documents were found relating to defendant Schuff, but they do not believe that the plaintiff, an inmate, should be permitted to have documents from the defendants' personnel files.

On November 19, 2012, the defendants filed a motion seeking a protective order that would bar the plaintiff from accessing the defendants' personnel records. This Court has discretion under Federal Rule of Civil Procedure 26(c) and (d) to limit the scope

of discovery or to order that discovery be conducted in a particular sequence.

The defendants propose that they will make the plaintiff aware of the presence of these documents and will provide a brief description of the nature of the allegations made against defendant Schuff. In the event that any portion of the defendants' personnel files are produced or disclosed, that they be submitted under seal.

In support of their motion, the defendants argue that inmates cannot possess personal information regarding staff; it is considered contraband. As examples of personal information, the defendants list: "addresses, telephone numbers, driver's licenses, school records, arrest, divorce, or adoption documents, financial records, etc." (Defendants' Notice of Motion and Motion for Protective Order, p. 2, ECF No. 17).

Just because something is housed in a personnel file does not make it protected. A complaint against a defendant and documents regarding any subsequent investigation or disciplinary hearing or action are not in the same category as the items listed by the defendants as contraband. To the extent that the responsive documents contain that kind of personal information, they may be redacted, but the defendants must provide the plaintiff with any material responsive to her discovery requests. The court will deny the defendants' motion for protective order and provide a deadline for the defendants to produce the responsive material.

Additionally, if the defendants believe that information should be submitted to the Court under seal, they should review General Local Rule 79(d) (E.D. Wis.) and the

2

accompanying Committee Comment.

Next, the plaintiff filed a motion for the appointment of counsel. In the screening order, entered August 14, 2012, the Court denied a motion for appointment of counsel because the plaintiff had not provided any specific information regarding her attempts to secure counsel. She has now submitted copies of two letters she received from attorneys declining to represent her. This satisfies the threshold burden of showing attempts to secure counsel. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995).

Because this threshold burden has been met, the Court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case herself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). The plaintiff has used discovery to request relevant information. She has filed documents with the court that are understandable and convey her requests, including a motion for summary judgment that is accompanied by a sworn declaration and memorandum of law. Consequently, the Court considers the plaintiff competent to litigate this case at this time.

On February 14, 2013, the plaintiff filed a motion for extension of time and motion for evidentiary hearing. She stated that she had been placed on segregation status and, as such, her legal research is seriously limited. She asked for an extension of time to

3

submit proper documents and motions for summary judgment and briefs. However, the Court then received the plaintiff's motion for summary judgment on March 4, 2013, which was timely because it was dated February 24, 2013. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001) (Papers filed by a prisoner are deemed filed on the date they are given to prison authorities for mailing.). The plaintiff's motion for an extension of time will be denied as moot.

In the same motion, the plaintiff also asked for a meeting, pretrial hearing, or evidentiary hearing. A hearing is not necessary at this time so the Court will deny the plaintiff's motion for an evidentiary hearing.

On March 1, 2013, the defendants ask for an extension of time to file dispositive motions until March 15, 2013. They then filed their motion for summary judgment on March 15, 2013. This motion will be granted, and the defendants' motion for summary judgment will be considered timely filed.

The Court notes that the plaintiff has not yet responded to the defendants' motion for summary judgment. Because the plaintiff had motions pending before this Court and because she will need to consider the defendants' response to her discovery requests before preparing her response to their motion for summary judgment, she will be given additional time to file her response.

Finally, along with her motion for summary judgment, the plaintiff submitted a number of blank subpoenas on forms that appear to apply to State of Wisconsin Circuit

4

Courts. There is no need for subpoenas at this time. Accordingly, these subpoenas will be returned to the plaintiff unexecuted. If the time comes that the plaintiff must subpoena witnesses to appear in this Court, the Court will provide the plaintiff, upon her request, with copies of this Court's subpoena form.

**IT IS THEREFORE ORDERED** that the defendants' motion for protective order (Docket #17) is **denied**.

**IT IS FURTHER ORDERED** that the defendants shall provide the plaintiff with the responsive information referenced in their motion for protective order, with personal information redacted if necessary, on or before **Friday, May 10, 2013**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for the appointment of counsel (Docket #22) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (Docket #27) is **denied as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for evidentiary hearing (Docket #27) is **denied**.

**IT IS FURTHER ORDERED** that the defendants' motion for extension of time to file dispositive motions (Docket #28) is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff shall file her response to the defendants' motion for summary judgment on or before **Monday, June 10, 2013**. Failure to file a response by that date may result in dismissal of this action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall return to the plaintiff the undocketed state court subpoenas.

Dated at Milwaukee, Wisconsin, this 22nd day of April, 2013.

**SO ORDERED,**

_____
**HON. RUDOLPH T. RANDA
U. S. District Judge**